**Isroff v. Westhall**
**Case No. 14184**
**Summit County, (9th)**
**Decided February 21, 1990**
[Cite as 1 AOA 344]

_Marvin L. Karp, Attorney at Law, 900 Bond Court Bldg., Cleveland OH 44114 for Plaintiffs._

_Mark J. Skakun and Karen M. Doty, Attorney at Law, 50 S. Main St., P. O. Box 1500, Akron, OH 44309 for Defendants._

BAIRD, J.
This cause comes before the court upon the appeal of plaintiff-appellants Ronald H. Isroff (individually and as custodian for minors

Michael Isroff and Stacy Isroff) and Donna Isroff from the order of the Summit County Court of Common Pleas granting summary judgment in favor of defendant-appellees, The Westhall Company and its directors and majority shareholders, Irwin Isroff and Clifford Isroff.

Plaintiffs were minority shareholders in the Westhall Company, a closely held Ohio corporation, holding roughly fifteen percent of the stock. In December of 1983, plaintiffs agreed to sell their shares back to the corporation for approximately $684,000. About four years later, the company was sold for approximately $48 million.

Plaintiffs alleged that defendants were guilty of a breach of fiduciary duty in that they failed to disclose essential facts relevant to the imminent future value of their shares, that plaintiffs would not have sold their shares if they had known these facts, and that they therefore suffered damages in the amount of approximately $7.8 million. Defendants filed a motion for summary judgment, asserting that no such fiduciary duty was owed to the plaintiffs, and that any claims were barred by a general release clause in the share redemption agreement. Plaintiffs argued that the release clause did not bar this claim, as there was no intent to release defendants from a claim of which plaintiffs were unaware at the time of entering the agreement.

Plaintiffs assign two errors on appeal from the trial court's grant of summary judgment.

### ASSIGNMENTS OF ERROR

"I. The Common Pleas Court erred in holding that defendants did not breach any fiduciary duty in failing to disclose to plaintiffs the increasing business and value of The Westhall Company.

"II.The Common Pleas Court erred in holding that the release clause in the Redemption Agreement barred plaintiffs from subsequently claiming that defendants had improperly concealed material facts from them and had misled them into entering into the Redemption Agreement itself."

At the outset, we note an issue that neither party addressed in the trial court, but which apparently formed the basis of at least part of the court's ruling. It is evident that, of the plaintiffs, Ronald Isroff was the sole party involved in negotiating this sale of stock. Thus it appears that Ronald Isroff was acting on his own behalf, as custodian on behalf of his two minor children, and, in effect, as agent for his wife, Donna Isroff. The parties implicitly acknowledged the identity of all plaintiffs for purposes of this suit, as no distinctions between the plaintiffs were made in arguments by either side on the summary judgment motion in the trial court. Both sides loosely referred to "plaintiffs" while arguing the issues of fiduciary duty and the general release solely as they involved Ronald Isroff.

Implicit in the trial court's ruling, however, is a contrary assumption -- that there was no identity of the plaintiffs by virtue of agency. The trial court distinguished between Ronald and Donna Isroff in its ruling, finding that, while Ronald Isroff had asserted absence of intent to release defendants from this claim, no such assertions had been made as to Donna Isroff, and that the release was therefore enforceable as to her. The court then determined that the application of the release as to Ronald Isroff was dependent upon the merits of the claim of breach of fiduciary duty, and granted summary judgment on its finding that no such duty existed. Perplexingly, neither party seems to acknowledge the distinction drawn by the trial court, as both argue the issues before this court just as they did in the trial court, solely as they relate to Ronald Isroff. As we reverse the trial court's ruling on other grounds, we need not address this anomaly any further, beyond bringing it to the attention of the court and the parties so that they may consider its ramifications, if any, for further proceedings. The general release clause of the share redemption agreement read:

"*Mutual Release.* Effective upon the Closing, and without further formality, Buyer releases each of the Sellers from all claims and demands whatsoever, excepting only the obligations contained herein and Sellers jointly and severally release Buyer of and from all claims and demands whatsoever excepting only the obligations contained herein and in the promissory notes issued hereunder."

It is a well-recognized rule that a release that is so general that it includes within its terms claims of which the releasor was ignorant, and thus not within the contemplation of the parties when the release was executed, will not bar recovery of such claims. Annotation (1947), 171 A.L.R. 184. This is

particularly true where the releasee has concealed the existence of the claim from the releasor. *Forry, Inc.* v. *Neundorfer, Inc.* (C.A. 6 1988), 837 F. 2d 259, 263. Accordingly, the Supreme Court of Ohio has held that the terms of a release are not always controlling, and that the key question is whether the parties actually intended to release all claims, which is a question of fact to be determined by the trier of fact. *Sloan* v. *Standard Oil Co.* (1964), 177 Ohio St. 149, paragraph two of the syllabus.

This claim of breach of fiduciary duty through failure to disclose material facts that, if disclosed, would have kept the plaintiffs from entering the redemption agreement altogether, is by its very nature a claim that is not encompassed within the terms of a general release – absent evidence of contrary intent. The trial court's reliance on the fact that Donna Isroff failed to advance any "factually supported grounds" regarding her lack of intent is therefore misplaced, as there is no contrary evidence in the record to support a finding that either plaintiff actually intended to release the defendants from such a claim.

On the question of the fiduciary duty owed to Ronald Isroff, the court posed the issue as follows:

"* * * [I]s there a fiduciary obligation to disclose information as to what the company might do in the future with respect to expenditures, sales and/or profits, to an attorney who is represented by counsel and investment advisors, where there have been no misrepresentations of fact? * * *."

The court found no such duty in this case. We reserve ruling on the court's conclusion of law on this broadly stated issue; on narrower grounds, we find that the court erred in granting summary judgment in that, by virtue of having posed the issue as it did, the court necessarily made determinations of essential, material facts that were matters in dispute. Summary judgment may be properly granted only where:

"(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made,

that conclusion is adverse to that party."

Civ. R. 56(C); *Temple* v. *Wean United* (1977), 50 Ohio St. 2d 317, 327.

It is generally recognized that stockholders in a closely held corporation owe one another substantially the same fiduciary duty in the operation of the enterprise as that owed by one partner to another. *Estate of Schroer* v. *Stamco Supply, Inc.* (1984), 19 Ohio App. 3d 34. A party involved in a business transaction with another with whom he is in a fiduciary relationship is bound to make full disclosure of material facts known to him but not to the other. *Blon* v. *Bank One, Akron, N.A.* (1988), 35 Ohio St. 3d 98, 101.

However, this affirmative duty to disclose is not without its limitations. The extent to which disclosure is required may vary depending upon the nature of the relationship of the complaining party to the corporation. Courts have often found no affirmative duty to disclose in situations where the complainant was intimately involved with the operation of the corporation, or where he had ready access to all relevant information or failed to make reasonable attempts to discover such information, or where the complainant's reliance on his fiduciaries was negated through resort to informed independent advisers, or where the complainant was responsible for speeding up the sale before fully evaluating the transaction. Annotation (1966), 7 A.L.R. 3d 500. Further, it is generally held that the duty to disclose is limited to present, material information that would reasonably affect the complainant's decision to enter the transaction, and does not extend to "soft" information such as speculations and forecasts of potential future value. *Arber* v. *Essex Wire Corp.* (C.A. 6 1974), 490 F. 2d 414; *Starkman* v. *Marathon Oil Co.* (C.A. 6, 1985), 772 F.2d 231.

On virtually all these points, the parties are in dispute. The extent of Ronald Isroff's involvement and familiarity with the operations of the corporation are in dispute, as the plaintiff claims only a cursory awareness, while the defendants claim he had substantial involvement. Though Ronald Isroff was an attorney, he claimed little expertise in business and corporate matters, while the defendants claimed that he was knowledgeable and sophisticated in these matters. There is dispute over whether Ronald Isroff made reasonable attempts to discover the information he claims

was kept from him. Most importantly, the defendants assert that the information that plaintiffs claim should have been disclosed was merely "soft" information, involving only what the company "might do in the future." However, the plaintiffs presented sufficient contrary evidence upon which it could be found, if looked at in a light most favorable to the plaintiffs, that there were fixed plans for imminent, major expansion that were not disclosed, information that would have been material to the decision to sell the stock.

As there were genuine issues of material fact, the trial court erred in granting summary judgment. Appellant's assignments of error are well taken. Judgment of the trial court is reversed and the cause remanded for further proceedings consistent with this opinion and the law. The court finds that there were reasonable grounds for this appeal. We order that a special mandate issue out of this court, directing the County of Summit Common Pleas Court to carry this judgment into execution.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E).

CIRIGLIANO, J., Concurs

QUILLIN, P. J., Dissents saying:
I agree with the trial court's conclusion that there was no breach of fiduciary duty. The trial court's opinion states in part:

"In 1983, Plaintiffs' stock was redeemed by Defendant Westhall. Regarding that transaction, Plaintiffs allege a breach of fiduciary duty in allegedly failing to disclose information and violation of Rule 10(b)(5) of Section 10 (b) of the Securities Exchange Act of 1934.

Plaintiffs' Brief in Opposition to the Motion for Summary Judgment makes clear that there is no claim of fraudulent misrepresentation with regard to the transactions which are the subject of this lawsuit. In the subject transactions, Plaintiffs were represented by counsel and were represented by financial advisors, which facts were disclosed to Defendants.

"The parties' negotiations led to written redemption agreement in December 1983. Defendant corporation agreed to pay the book value for such stock, that being the price sought by Plaintiffs. Plaintiffs' counsel proposed a 'sharing' clause, whereby if the business was sold within one year of the transaction date, Plaintiffs would share proportionately in any additional sale price. Defendant corporation accepted this proposal.

"Nearly four years later, the business was sold at a substantially higher price than that which would have been established by book value in December 1983. * * *."

The trial court correctly found that there was no fiduciary duty to disclose information as to what the company might do in the future with respect to expenditures, sales and/or profits when the other party is represented by counsel and investment advisors and where there have been no misrepresentations of fact. I would affirm the judgment.